IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MICHAEL D. JACKSON,

      Plaintiff,

    v.                                        Civil Action No. 3:25cv808

JEREMIAH FITZ, *et al.*,

      Defendants.

## MEMORANDUM OPINION

Michael D. Jackson, a Virginia prisoner proceeding *pro se*, submitted this civil action pursuant to 42 U.S.C. § 1983.[1] The matter is before the Court for evaluation of Jackson's Particularized Complaint ("Complaint," ECF No. 20) pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates,* 809 F. Supp. 417, 427

---

[1] The statute provides, in pertinent part:

Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

(E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

2

for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Allegations and Claim

In his Complaint, Jackson names the following individuals as Defendants: Sgt. Queensberry and Sgt. Boyd, who are both sergeants at Lawrenceville Correctional Center ("LCC"); Mike Seville, the Warden at LCC; Lt. Garner, a hearings officer at LCC; and, Jeremiah Fitz, the Regional Administrator for the Eastern Region of the Virginia Department of Corrections ("VDOC"). (ECF No. 20, at 2–3.)[2] Jackson alleges as follows:

On October 3, 2024, Defendant Sgt. Queensberry, as reporting officer, wrote the DOR[3] when it was Officer N. Watkins whose VACORIS[4] account

---

[2] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization and punctuation in quotations from the Complaint. The Court adds paragraph structure to Jackson's factual allegations.

[3] Jackson never defines "DOR." However, from the attachment to his Complaint, the Court believes he is referring to the Disciplinary Offense Report ("DOR"). (*See* ECF No. 20-1.)

[4] Again, Jackson fails to define "VACORIS." However, this appears to be an electronic case management system utilized by the VDOC. *See Obataiye v. Va. Dep't. of Corr.*, No. 3:18CV877, 2021 WL 1566598, at *5 (E,D. Va. Apr. 21, 2021).

was locked that allegedly confiscated the cell phone from Jackson. Due to the fact that Officer N. Watkins's VACORIS account was locked, he could not write the DOR and that is why Sgt. Queensberry wrote the DOR. *See* VADOC O.P. 861.1(IV)(B)(c)(a-ii). As per VADOC O.P. 861.1(IV)(B)(c)(a-ii), Queensberry failed to provide Officer N. Watkins as a witness on the DOR, therefore violating Jackson's due process right[5] to call Officer Watkins as a witness. *See* Exhibit 1, DOR for Offense Code 131.

On October 3, 2024, Defendant Sgt. Boyd, as the serving officer, served the DOR to Jackson violating Jackson's due process right by serving a DOR that was written in error by not showing Officer N. Watkins as a witness.

On October 16, 2024, Jackson filed his appeal to Defendant Mike Seville stating to him that Jackson's due process right was violated because Queensberry failed to provide Officer N. Watkins as a witness on the DOR. On October 28, 2024, Seville upheld the DOR that was written on Jackson and in turn, violated Jackson's right to due process because he failed to realize that Officer N. Watkins was not a witness on the DOR.

On November 11, 2024, Jackson filed his appeal to Defendant Fitz stating that Jackson's due process right was violated because Queensberry failed to provide Officer N. Watkins as a witness on the DOR. On December 30, 2024, Defendant Fitz upheld the DOR that was written on Jackson and, in turn, violated Jackson's right to due process because he failed to realize that Officer N. Watkins was not a witness on the DOR.

(ECF No. 20, at 4–6.) Jackson raises the following claim:

Claim One:    Defendants "violate[d] Jackson's due process rights to call witness N. Watkins to Jackson's disciplinary hearing for the 131 charge for the alleged possession of a cell phone." (ECF No. 20, at 6.)

Jackson seeks declaratory relief and damages. (ECF No 20, at 7.) For the reasons articulated below, Claim One will be DISMISSED WITH PREJUDICE for failure to state a claim and as factually and legally frivolous.

### III. Analysis

It is both unnecessary and inappropriate to engage in an extended discussion of Jackson's theory for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that

---

[5] The Fourteenth Amendment states in relevant part: "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

"abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

### A. <u>Jackson's Claim is Frivolous</u>

Jackson alleges that his due process rights were violated when Sgt. Queensberry failed to write on the DOR form that Officer Watkins was a witness to the confiscation of the cell phone found in Jackson's possession. The underlying premise of this claim is frivolous.

Section 1915(d) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. The statement that a court has "the authority to 'pierce the veil of the complaint's factual allegations' means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke*, 490 U.S. at 327). A court need not "accept as 'having an arguable basis in fact,' . . . all allegations that cannot be rebutted by judicially noticeable facts." *Id.* (quoting *Neitzke*, 490 U.S. at 325). The Court "may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless' . . . a category encompassing allegations that are 'fanciful,' . . . 'fantastic,' . . . and 'delusional.'" *Id.* at 32–33 (quoting *Neitzke*, 490 U.S. at 325, 327–28). Jackson's claim that his due process rights were violated because Sgt. Queensberry did not write Officer Watkins's name under the "Witnesses" section of the DOR form is frivolous because it "lacks an arguable basis [both] in law [and] in fact." *Neitzke*, 490 U.S. at 325.

"[A] court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these

documents is not disputed." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396–97 (4th Cir. 2006) (citations omitted).  Jackson attaches the DOR that is the subject of this action, to his Complaint, and he does not dispute its authenticity.  (ECF No. 20-1, at 1.)  The Court notes that on the DOR form, although Officer Watkins was not listed in the "Witnesses" section of the form, it is perfectly obvious to any person reading the form that Officer Watkins was involved in the search and could have been a witness.  Under the description of the offense the following was written:

> On 10-2024, I Sgt. Queensberry along with Officer N. Watkins (VACORIS account currently locked) were conducting a cell search of cell 82-121.  Officer Watkins gave inmate M. Jackson #1020760 a verbal order to strip.  Before inmate Jackon began stripping, he stated "I'm just going to give it to you."  At this time, Inmate Jackson handed Officer Watkins a Samsung smartphone.  Inmate Jackson is therefore charged with possession of an unauthorized communication device. The phone was placed in the master control safe.

(ECF No. 20-1, at 1.)  As Officer Watkins was involved in the search and identified in the description of the offense it would seemingly be redundant to list him in the "Witnesses" section.[6]  Moreover, Jackson was aware that Officer Watkins was involved in the search as he interacted with him and handed Officer Watkins the cell phone.  Jackson fails to plausibly allege why he could not call Officer Watkins a witness at any evidentiary hearing.

At most, it appears that Jackson argues that Sgt. Queensberry failed to follow an institutional policy because he did not list Officer Watkins as a witness on the DOR form.  (*See* ECF No. 20, 4.)  However, to the extent that Jackson faults Defendants for failing to follow VDOC policy or protocol he does not state a claim for relief under § 1983.  An alleged violation of an institutional policy fails to state an actionable constitutional claim under § 1983.  *Riccio v.*

---

[6] Sgt. Queensberry was also not listed in the "Witnesses" section; however, Jackson does not bring a due process claim on that basis.

*Cnty. of Fairfax*, 907 F.2d 1459, 1469 (4th Cir. 1990). Accordingly, any claim that Defendants violated institutional policy is legally frivolous.

Although the Court finds that the entire premise of Jackson's claim is factually and legally frivolous, in abundance of caution, the Court continues to the due process inquiry.

## B. Due Process Analysis

The Due Process Clause applies when government action deprives an individual of a legitimate liberty or property interest. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972). Thus, the first step in analyzing a procedural due process claim is to identify whether the alleged conduct affects a protected interest. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997) (citations omitted). A liberty interest may arise from the Constitution itself, or from state laws and policies. *Wilkinson v. Austin*, 545 U.S. 209, 220–21 (2005).

To establish a state-created liberty interest, Jackson "must make a threshold showing that the deprivation imposed amounts to an 'atypical and significant hardship' or that it 'inevitably affect[s] the duration of his sentence.'" *Puranda v. Johnson*, No. 3:08CV687, 2009 WL 3175629, at *4 (E.D. Va. Sept. 30, 2009) (alteration in original) (quoting *Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995)). If Jackson makes this threshold showing, he must then identify the state regulatory or statutory language that creates a protected liberty interest in remaining free from such confinement. *See id.*

Jackson alleges that his due process rights were violated when Sgt. Queensberry failed to write on the DOR form that Officer Watkins was a witness to the confiscation of the cell phone found in Jackson's possession. Thus, the sole deprivation Jackson complains of is a purported error in filling out the DOR form. Jackson fails to plausibly allege, and the Court fails to

7

discern, how this implicates due process.[7] Jackson's Complaint is bereft of facts suggesting that the failure to write Officer Watkins's name in the Witnesses section of the DOR form amounted to a 'atypical and significant hardship' or that it 'inevitably affect[ed] the duration of his sentence.'" *Puranda*, 2009 WL 3175629, at *4 (citation omitted).  For this reason alone, Claim One fails.

In his Complaint, Jackson does not allege that this purported error resulted in an institutional conviction or any resulting punishment or deprivation such as loss of vested good conduct credits.  Indeed, Jackson mentions nothing about his institutional conviction process or its results. This too is entirely fatal to his claim.  Nevertheless, even if Jackson had his security level changed, lost his job, or received a fine, these are not atypical and significant hardships that would implicate a liberty interest. *See Brown v. Ponce*, No. 3:23cv194, 2025 WL 1384274, *8–9 (E.D. Va. May 13, 2025) (explaining that inmates have "no constitutionally protected interest in avoiding a fine, changes to [their] classification level, or prison job," and therefore, "lack[] entitlement to the protections of the Due Process clause for these deprivations").

To the extent that Jackson may have lost *vested* good time credits as a result of this institutional conviction, his claim again fails to implicate a protected liberty interest. *Sciolino v. City of Newport News, Va.*, 480 F.3d 642, 653 n.9 (4th Cir. 2007) (citing *Wolff v. McDonnell*,

---

[7] To the extent that Jackson suggests that Defendants "deviated from some state procedural requirement, such an omission fails to give rise to a federal due process claim." *Stone v. Chapman*, No. 3:22cv663, 2023 WL 3632724, at *4 (E.D. Va. May 24, 2023) (citation omitted).  Rather, "[c]ourts have explicitly and repeatedly rejected the proposition that an individual has an interest in a state-created procedural device, such as a hearing, that is entitled to constitutional due process protection . . . ." *Hill v. Jackson*, 64 F.3d 163, 172 (4th Cir. 1995) (citation omitted).  Jackson has no federal due process right to have a DOR form free from alleged errors.

418 U.S. 539, 560–61 (1974)).  The Constitution only guarantees the following minimal process prior to revoking such credits:

> (1) an impartial tribunal; (2) written notice of the charges prior to the hearing; (3) an opportunity to call witnesses and present documentary evidence; (4) aid from a fellow inmate or staff representative if the issues are complex; and, (5) a written statement by the fact finder describing the evidence relied upon and the reasons for taking disciplinary action.

*Coor v. Stansberry*, 3:08CV61, 2008 WL 8289490, at *2 (E.D. Va. Dec. 31, 2008) (citing *Wolff*, 418 U.S. at 563–71).  Jackson fails to plausibly allege that he was deprived of any of these procedural protections.  Although he contends that Officer Watkins was not listed on the DOR form under the "Witnesses" section, he never suggests that he was unable to identify him as a potential witness or have him present as a witness at any institutional hearing.  Jackson clearly knew that Officer Watkins was the officer who was involved in the incident.

In sum, Claim One fails to state a claim for relief, and is factually and legally frivolous. Claim One will be DISMISSED WITH PREJUDICE.

### V.  Conclusion

Jackson's claim and the action will be DISMISSED WITH PREJUDICE.  The Clerk will be DIRECTED to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 6/22/26
Richmond, Virginia

_____ /s/
M. Hannah Lauck
Chief United States District Judge